IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DWIGHT RAY HILL,                          )
         Petitioner,                        )
                              )
v.                                        )
                              )          Civil No. 7:13-CV-073-O-BL
JAMES E. SMITH, Superintendent,           )
North Texas State Hospital,               )
         Respondent.                        )

<u>REPORT AND RECOMMENDATION</u>

       This is a habeas action filed by an inmate confined in the North Texas State Hospital in Wichita Falls, Texas.  Petitioner seeks to challenge the validity of his current confinement.  *See* Petition.

       On June 6, 2013, the Court entered a notice of deficiency and order directing Petitioner to either pay the $5.00 filing fee or submit a request to proceed *in forma pauperis* along with a certified trust account statement.  Additionally, Petitioner was ordered to file an "Amended Petition" using the Court's habeas petition form as required under Miscellaneous Order No. 13 (N.D. Tex.). Petitioner was ordered to cure the deficiencies within twenty days and he was admonished that failure to comply with the order could result in dismissal of the action without further notice. Review of the Clerk's docket sheet reveals that Petitioner has failed to comply with the Court's order.

       Rule 41(b), Federal Rules of Civil Procedure, allows the Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court.  This authority flows from the Court's inherent power to manage its docket.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v.*

*Wabash R.R. Co.,* 370 U.S. 626 (1962)).  A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).  However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]."  *Id.*

In the case at bar, Petitioner has failed to comply with the Court's order.  Absent compliance, this case cannot proceed.  In light of the status of this case, the imposition of fines and costs is not appropriate.  Although he has failed to comply with the Court's order, it is not evident from the record that Petitioner has engaged in purposeful delay or contumacious conduct.  Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

There is a one-year statute of limitations applicable to federal habeas petitions filed under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244(d)(1).  The instant petition does not reveal the date on which Petitioner's one-year limitation period began to run.  Therefore, any subsequent federal petition could be time-barred upon dismissal of this action.  For that reason, Petitioner should be given another opportunity to comply with the Court's deficiency order.

For the foregoing reasons, it is RECOMMENDED that, unless Petitioner cures deficiencies as previously ordered within 14 days, this action should be DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

If Petitioner cures the deficiencies within 14 days, it is RECOMMENDED that this action be referred back to the undersigned Magistrate Judge for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 9th day of July, 2013.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**